# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ethan Brumfield,**
**Respondent Below, Petitioner**

**vs)  No.  16-0813** (Kanawha County 16-AA-29)

**Patricia S. Reed, Commissioner,**
**West Virginia Division of Motor Vehicles,**
**Petitioner Below, Respondent**

**FILED**

**January 5, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ethan Brumfield, by counsel Brian R. Abraham, appeals the August 3, 2016, order of the Circuit Court of Kanawha County that reversed the March 18, 2016, final order of Office of Administrative Hearing ("OAH"), and found that Respondent Patricia S. Reed, Commissioner of the Department of Motor Vehicles (the "Commissioner"), proved by a preponderance of the evidence that petitioner knowingly permitted his vehicle to be operated by another person under the influence of alcohol in violation of West Virginia Code § 17C-5A-2(j). The Commissioner, by counsel Elaine L. Skorich, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

At about 3:00 a.m. on July 17, 2011, Senior Trooper B.A. Lowe ("Trp. Lowe") observed a Toyota Corolla (the "car") weaving and striking the curb off the right edge of the roadway in Logan, West Virginia. Nineteen-year-old John M. Quick was driving the car, which was registered to Howard B. Brumfield, Darla J. Brumfield, and Petitioner Ethan Brumfield. Petitioner, then twenty-years-old, was a passenger in the front seat of the car. Trp. Lowe stopped the car and spoke with Mr. Quick and petitioner. Both men smelled of alcohol and both admitted to being intoxicated.

During the stop, Trp. Lowe completed a "West Virginia D.U.I. Information Sheet" for Mr. Quick in which he found substantial evidence indicating Mr. Quick was intoxicated. Moreover, Mr. Quick's preliminary breath test at the scene revealed a blood alcohol concentration of .199%. Trp. Lowe arrested Mr. Quick for driving under the influence. Trp. Lowe also arrested petitioner for public intoxication and for carrying false identification. Trp. Lowe transported Mr. Quick to the police barracks where a second breath test showed Mr. Quick's blood alcohol concentration level was .184%.

On August 12, 2011, the West Virginia Department of Motor Vehicles (the "DMV") sent petitioner a driver's license revocation order for knowingly permitting his vehicle to be operated by Mr. Quick, a person under the influence of alcohol in violation of West Virginia Code § 17C-5A-2(g). Petitioner responded by filing written objections and a hearing request.

The OAH convened petitioner's administrative hearing on January 16, 2014. At the hearing, Trp. Lowe, Mr. Quick, and petitioner testified. Trp. Lowe testified as follows: During the stop, Mr. Quick admitted that both he and petitioner were intoxicated and had been at "Tops," a bar in Logan, on the evening of their arrest. The DMV's counsel asked Trp. Lowe, "[D]id you have any conversation with [those in the car] about why Mr. Quick was driving the vehicle?" Trp. Lowe responded, "Yes, I asked [petitioner] if it was his vehicle, why Mr. Quick was driving." The DMV's counsel then asked, "Did [petitioner] give you a response?" Trp. Lowe replied, "*Basically, Mr. Quick was less intoxicated than he.*" Trp. Lowe also testified that petitioner's intoxication level was "severe" in that he nearly fell over when exiting his vehicle and his speech was "very slurred and redundant." "[Petitioner] was comprehending what I was asking him and answering the questions." "He knew enough that when I asked how old he was, he thought he should answer [twenty-one] even though he was only twenty-years-old at the time." Finally, Trp. Lowe admitted that he did not document what petitioner told him that night, and he did not ask petitioner what he knew about Mr. Quick's level of impairment.

Mr. Quick testified as follows: He was petitioner's friend and they had grown up together. On the night of his arrest, he arrived at Tops around midnight and stayed there for approximately two hours and forty-five minutes. While at Tops, he had two rum and Cokes and a couple of beers. He did not believe himself to be impaired. He did not see petitioner inside Tops. As he was leaving Tops, he observed petitioner stumbling across the parking lot. He approached petitioner and said, "Give me your keys. You're not driving. I'm taking you home." He took petitioner's car keys away from him. There was no way for petitioner to know he was intoxicated. He could not understand petitioner because petitioner was "just mumbling" and he "didn't understand what [petitioner] was saying." He believed petitioner was drunker than he was and drove for less than a mile before Trp. Lowe pulled him over.

Petitioner testified as follows: He and Mr. Quick were not at Tops together and did not see each other inside Tops. He was in Tops for about two hours. He was "severely impaired." He talked to Mr. Quick for about "thirty seconds" before they got in the car. He hesitated to give Mr. Quick his keys, but he did not know Mr. Quick was impaired. Mr. Quick took the keys from him. He did not recall telling Trp. Lowe that Mr. Quick was less drunk than he was.

On March 18, 2016, the hearing examiner found as follows: Trp. Lowe described petitioner as "severely intoxicated." Petitioner and Mr. Quick interacted briefly and, therefore, petitioner did not have an opportunity to determine whether Mr. Quick was impaired. With regard to Trp. Lowe's testimony—that petitioner said Mr. Quick was less intoxicated than he— Trp. Lowe was not certain these were the actual words used by petitioner. Mr. Quick and petitioner contradicted this testimony. The hearing examiner then wrongfully found that Trp. Lowe's testimony (that petitioner admitted Mr. Quick was less intoxicated than he) was inadmissible hearsay and could not be considered. Based on these findings, the hearing examiner concluded that the DMV failed to prove by a preponderance of the evidence that

2

petitioner knowingly permitted his vehicle to be operated by another person under the influence of alcohol in violation of West Virginia Code § 17C-5A-2(j). The hearing examiner then rescinded the DMV's order of revocation. By final order entered March 18, 2016, the Chief Hearing Officer affirmed the hearing examiner's decision.

The Commissioner appealed the Chief Hearing Officer's final order to the circuit court. By order entered August 3, 2016, the circuit court concluded that the Chief Hearing Examiner was clearly wrong in view of the reliable, probative, and substantial evidence on the record. The circuit court found as follows: First, petitioner's statement to Trp. Lowe, that Mr. Quick was less intoxicated than he, was admissible as a party admission under the Rule 801(d)(2) of the Rules of Evidence. Thus, the hearing examiner erred in deeming petitioner's statement to be inadmissible hearsay and in not considering it. Second, petitioner's statement that Mr. Quick was less intoxicated than he, evinces that petitioner knew Mr. Quick was under the influence of alcohol when he allowed Mr. Quick to drive petitioner's car. Accordingly, the circuit court found that the DMV proved, by a preponderance of the evidence, that petitioner knowingly permitted his vehicle to be operated by another person under the influence of alcohol in violation of West Virginia Code § 17C-5A-2(j). In light of these findings and conclusions, the circuit court reversed the Chief Hearing Examiner's final order and reinstated the order of revocation, without remand for an additional administrative hearing.

Petitioner now appeals the circuit court's order. This Court has explained the standard of review in such appeals in Syllabus Point 1 of *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996).

> On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in [West Virginia] Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

The Court has also held that,

> [u]pon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: "(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

Syl. Pt. 2, *Shepherdstown Volunteer Fire Dep't v. State ex rel. State of W.Va. Human Rights Comm'n*, 172 W.Va. 627, 309 S.E.2d 342 (1983). Thus, although we give deference to the administrative agency's factual findings, we apply a de novo standard of review to the agency's conclusions of law.

On appeal, petitioner admits that the circuit court correctly found that petitioner's statement to Trp. Lowe was admissible as a party admission under Rule 801(d)(2) of the West Virginia Rules of Evidence. However, he maintains that the circuit court erred in finding that this error by the OAH was sufficient to warrant reversal of the OAH's order. Petitioner also argues that the circuit court erred in failing to consider the contradictory testimony provided by petitioner and Mr. Quick on that point. Finally, petitioner argues that the circuit court erred by failing to remand the matter back to the OAH on the ground that the OAH, as the trier of fact, was better able to weigh the testimony adduced at the administrative hearing.

We find the record supports the circuit court's conclusions. Here, Mr. Quick did not rebut the fact that he had a blood alcohol concentration of .184% and therefore, was driving under the influence. Moreover, Trp. Lowe's testimony was that petitioner admitted he allowed Mr. Quick to drive petitioner's car because Mr. Quick was less drunk than he was. Petitioner's inability to recall making this statement did not rebut Trp. Lowe's testimony. Furthermore, the evidence showed that petitioner had the presence of mind to lie about his age to Trp. Lowe, i.e., he claimed he was twenty-one years old and, therefore, old enough to legally consume alcohol, when, in fact, he was only twenty years old. Thus, we find that the circuit court did not err in concluding that petitioner had the presence of mind to know that Mr. Quick was under the influence of alcohol when petitioner allowed Mr. Quick to drive petitioner's car. Accordingly, we find that the circuit court did not err in reversing the OAH's order on the ground that it was clearly wrong.

We also find that the circuit court did not err in not remanding the matter back to the OAH for further evidentiary proceedings. As the circuit court found, there was no need to remand the case for further proceedings because the evidence on the record was sufficient to show that Mr. Quick was driving petitioner's car under the influence of alcohol with petitioner's permission. Thus, we find no error in the circuit court's conclusion that petitioner violated West Virginia Code § 17C-5A-2(j).

Accordingly, for the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  January 5, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4